**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ADRIANA ALVAREZ,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **EP-23-CV-00148-DCG** |
| | § | |
| **BROKERS LOGISTICS, LTD.,** | § | |
| | § | |
| *Defendant*. | § | |

<u>**ORDER AND REPORT AND RECOMMENDATION**</u>

Before the Court are:

- Defendant Brokers Logistics, Ltd.'s "Motion to Compel and to Strike Discovery Objections" ("Defendant's Motion") (ECF No. 31), filed on April 1, 2024;

- *Pro se* Plaintiff Adriana Alvarez's "Renewed Response in Opposition to Motion to Compel and Strike Out Defendant's Requests for Production and Interrogatories" ("Plaintiff's Motion for Protective Order") (ECF No. 40), filed on April 16, 2024; and

- Plaintiff's "Amended Discovery-Related Motion" ("Plaintiff's Motion to Compel") (ECF No. 43), filed on April 19, 2024.

Senior United States District Judge David Guaderrama referred the motions to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. For the reasons set forth below:

- Defendant's Motion is **GRANTED in part** and **DENIED in part**;

- Plaintiff's Motion for Protective Order is **DENIED**; and

- Plaintiff's Motion to Compel is **GRANTED in part and DENIED in part**.

# I.   BACKGROUND

Plaintiff is a former employee of Defendant.  Compl. ¶ 4, ECF No. 1.  On January 3, 2022, while Plaintiff was still working for Defendant, Defendant informed its employees that it would begin to adhere to the mandates laid out in the Occupational Health and Safety Administration's Emergency Temporary Standard ("ETS") regarding the COVID-19 pandemic.  *Id.* at ¶ 9.  The ETS required all employees to receive a COVID-19 vaccination and report their vaccination status to their employer.  *Id.*

Plaintiff submitted a form requesting a religious accommodation to Defendant on January 7, 2022.  *Id.* at ¶¶ 11–12.  She asserted that her religious beliefs precluded her from getting a vaccination or wearing a facemask.  *Id.* at ¶ 18.  On January 28, 2022, Defendant initiated an interactive process to obtain more information from Plaintiff.  *Id.* at ¶ 27.  Plaintiff asserts that she returned the completed form required by the process to Defendant and answered all of the required questions.  *Id.* at ¶ 30.  Nevertheless, Defendant denied Plaintiff's request for an accommodation. *Id.* at ¶ 36.  When Plaintiff refused to comply with Defendant's requirements, Defendant terminated Plaintiff on February 7, 2022.  *Id.* at ¶ 37.

Plaintiff filed suit against Defendant on April 10, 2023, for religious discrimination in violation of Title VII of the Civil Rights Act and the Texas Commission on Human Rights Act. *See id.*  Defendant served its first set of interrogatories ("ROGs") and requests for production ("RFPs") on Plaintiff on January 5, 2024.  Def.'s Mot. ¶ 2, ECF No. 31; *see also* Def.'s First Set Interrogs. Pl., ECF No. 31-1; Def.'s First Reqs. Produc. Pl., ECF No. 31-1.  On February 5, 2024, Plaintiff submitted objections to some of the ROGs and RFPs without providing any answers or responses.  *See* Pl.'s Objs. Def.'s Interrogs. & Reqs. Produc., ECF No. 31-1.  On February 12,

2024, Plaintiff's counsel withdrew.  Def.'s Mot. ¶ 3; Order Granting Mots. Withdraw Counsel, ECF No. 22.

From February 13, 2024, to February 16, 2024, Plaintiff asserts that she asked Defendant's counsel what discovery requests were still pending and that this is when she first found out that her responses to Defendant's RFPs were incomplete.  Pl.'s Opp'n Mot. Compel & Strike Out Def.'s Reqs. Produc. & Interrogs. ¶ 4 [hereinafter Pl.'s Resp. Def.'s Mot.], ECF No. 35.  Plaintiff asserts that Defendant failed to clarify with her at first that her answers to its ROGs were incomplete, and, further, that Defendant did not provide Plaintiff with a correct and complete copy of the ROGs until March 12, 2024.  Id. at ¶ 8.  Defendant states that it "agreed not to seek [the District] Court's intervention if substantive responses were submitted by March 11, 2024."  Def.'s Mot. ¶ 10.

On February 21, 2024, Judge Guaderrama issued an amended scheduling order extending the deadline for discovery to April 5, 2024, and the deadline to submit all motions pertaining to discovery to April 19, 2024.  Am. Scheduling Order 2, ECF No. 26.  On March 11, 2024, Plaintiff submitted her responses and objections to Defendant's RFPs; however, she objected to most requests and failed to produce any responsive documents.  Def.'s Mot. ¶ 7; see also Pl.'s Resps. & Objs. Def.'s First Reqs. Produc., ECF No. 31-1.

Defendant filed its motion to compel on April 1, 2024.  See Def.'s Mot.  On April 8, 2024, Plaintiff filed her Opposition to Motion to Compel and Strike Out Defendant's Requests for Production and Interrogatories.  See Pl.'s Resp. Def.'s Mot.  This document was filed as a motion by Plaintiff.  Judge Guaderrama issued an order construing the filing as both a separate discovery motion (which was denied) and a response in opposition to Defendant's motion.  See Order Den. Pl.'s Disc. Mot., ECF No. 36.  The order allows this Court to consider any arguments Plaintiff raised in the filing when determining Defendant's motion.  Id. at 4.

Plaintiff asserted that she would respond to Defendant's ROGs by April 12, 2024. Def.'s Mot. ¶ 8. On April 15, 2024, Defendant filed its Reply to Plaintiff's Response to Defendant's Motion to Compel and to Strike Discovery Objections, in which it stated that Plaintiff had provided additional objections to Defendant's ROGs on April 11, 2024. Def.'s Reply Pl.'s Resp. Def.'s Mot. Compel & Strike Disc. Objs. 1 [hereinafter Def.'s Reply], ECF No. 38. Plaintiff only substantively answered one of the seventeen ROGs. *Id.*

On April 16, 2024, Plaintiff filed a document she titled a "Renewed Response" to Defendant's Motion. *See* Pl.'s Mot. Protective Order, ECF No. 40. Judge Guaderrama interpreted the document as "a motion for discovery-related relief" and referred the motion to this Court. *See* Order Referring Mot. U.S. Magistrate Judge 1, ECF No. 41. Defendant filed a response[1] to the motion on April 23, 2024. *See* Def.'s Reply Pl.'s Renewed Resp. Opp'n Def.'s Mot. Compel & Strike Disc. Objs. [hereinafter Def.'s Resp. Pl.'s Mot. Protective Order], ECF No. 45.

On April 19, 2024, Plaintiff filed her Motion to Compel. *See* Pl.'s Mot. Compel, ECF No. 43. This was referred to this Court on April 22, 2024. *See* Order Referring Mot. U.S. Magistrate Judge, ECF No. 44. Under the Local Rules, Defendant's response was due by April 26, 2024. W.D. Tex. Civ. R. 7(d)(2). Defendant, however, filed its response on April 29, 2024. *See* Def.'s Resp. Pl.'s Am. Disc.-Related Mot. [hereinafter Def.'s Resp. Pl.'s Mot. Compel], ECF No. 48. The next day, Defendant formally filed a motion for leave to file the same response it had already filed, stating that it calculated the response deadline incorrectly. Def.'s Opposed Mot. Leave File Resp. Pl.'s Am. Disc.-Related Mot. 2, ECF No. 51. The Court granted this motion. Order Granting

---

[1] Defendant titled its response as a "Reply," presumably because Plaintiff titled her filing as a "Renewed Response." However, given the District Court's order determining that Plaintiff's filing is a motion, Defendant's filing is more accurately described as a response.

Def.'s Mot. Leave File Resp., ECF No. 58.  Plaintiff filed a reply on May 6, 2024.  Pl.'s Reply

Def.'s Resp. Pl.'s Am. Disc.-Related Mot. [hereinafter Pl.'s Reply Mot. Compel], ECF No. 54.

## II.     STANDARD

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The discovery request must be proportional to

the case's needs, "considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit." *Id.*  Additionally, "[i]nformation within this

scope of discovery need not be admissible in evidence to be discoverable." *Id.*

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."

*Id.* 33(a)(2).  "Each interrogatory must, to the extent it is not objected to, be answered separately

and fully in writing under oath," and all objections "must be stated with specificity." *Id.* 33(b).

"Any ground not stated in a timely objection is waived unless the court, for good cause, excuses

the failure." *Id.* 33(b)(4).

Requests for production "must describe with reasonable particularity each item or category

of items to be inspected." *Id.* 34(b)(1)(A).  This means that the party must be on "reasonable notice

of what is called for and what is not." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575 (N.D. Tex.

2018) (citation omitted).  "For each item or category, the response must either state that inspection

and related activities will be permitted as requested or state with specificity the grounds for

objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).  "An objection must

state whether any responsive materials are being withheld on the basis of that objection." *Id.*

34(b)(2)(C).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a responding party fails to answer an interrogatory or fails to produce documents. *Id.* 37(a)(3)(B). A party resisting discovery must have a valid objection to each request for production or interrogatory and must show specifically how each one is not relevant or overly broad or burdensome. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Protective orders are governed by Federal Rule of Civil Procedure 26(c). The rule allows "[a] party or any person from whom discovery is sought" to move for a protective order. Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." *Id.* A protective order can "forbid[] the disclosure or discovery" or "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters," among other possible actions. *Id.*

The party seeking the protective order "must establish good cause and a specific need for protection." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003). "'Good cause' exists when justice requires the protection of 'a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)). To demonstrate a specific need, a party must show "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (citation omitted).

### III. DISCUSSION

#### A. Plaintiff's Motion for Protective Order

The Court turns first to Plaintiff's request for a protective order. Plaintiff argues that her "responses and objections were timely, proper, complete and must not be handled as a failure to

disclose or respond." Pl.'s Mot. Protective Order 3. She argues that the ROGs and RFPs were overly broad, irrelevant, and would not lead to the discovery of admissible evidence. *Id.* She argues that these discovery requests constitute "harassment." *Id.* She requests "a protective order protecting Plaintiff from annoyance, embarrassment, oppression, undue burden, including forbidding further inquiries about Alvarez's religious beliefs under 42 U.S.C. § 2000e(j)." *Id.* at 5.

Defendant argues that Plaintiff failed to confer with Defendant, as required by the Local Rules. Def.'s Resp. Pl.'s Mot. Protective Order ¶ 1. Further, Defendant states that Plaintiff's motion should be denied because Plaintiff has failed to provide any legal or factual basis for her request and has not provided a showing that good cause for a protective order exists. *Id.* at ¶¶ 2–3. Lastly, Defendant argues that its discovery requests are relevant and that it is entitled to a broad range of discovery requests. *Id.* at ¶¶ 5–7.

A motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Plaintiff has included no such certification, and "*pro se* litigants must still follow the Federal Rules of Civil Procedure." *Fregia v. Bright*, 750 F. App'x 296, 299 (5th Cir. 2018). Further, aside from vague claims of "harassment," Plaintiff has not articulated any specific need for a protective order. These are Defendant's first set of ROGs and RFPs, and Defendant has a right to seek discovery in this case in order to prepare its defense. Therefore, the Court will deny Plaintiff's Motion for Protective Order.

### B. Plaintiff's Motion to Compel

Plaintiff also filed a motion appearing to request that responses to her discovery requests be compelled. Plaintiff sent ROGs and "Requests of Evidence" (which appear to be RFPs) to

Defendant on March 8, 2024.  Pl.'s Mot. Compel 2.  Defendant submitted responses and objections on April 5, 2024.  *Id.*  Plaintiff is dissatisfied with Defendant's responses and wants "an order requiring Defendant to provide substantial evidence to justify that any reasonable accommodation would have created an undue hardship for [Defendant]."  *Id.* at 4.

In its response, Defendant asserts that Plaintiff "fails to seek any relief which this Court can provide under the Federal Rules of Civil Procedure."  Def.'s Resp. Pl.'s Mot. Compel 1.  Defendant argues that Plaintiff has not indicated how Defendant's responses are incomplete or evasive and thus could be considered as failing to answer or respond under Federal Rule of Civil Procedure 37.  *Id.* at 2.  Further, Defendant points out that Plaintiff's discovery requests are not timely, given that the 30-day deadline for responses and objections occurred after the April 5 discovery deadline given by the District Court.  *Id.* at 1–2; Am. Scheduling Order 2.  Lastly, Defendant argues that some of the requests are overly broad, and Plaintiff failed to confer with Defendant's counsel about ROG number 10, as required by the Local Rules.  Def.'s Resp. Pl.'s Mot. Compel 2.[2]

The Local Rules state that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline."  W.D. Tex. Civ. R. 16(e).  "The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline."  *Id.*  Because Plaintiff served her discovery requests on March 8, responses and objections would be due on April 7, which is past the discovery deadline.  Courts in this Circuit have denied motions to compel or granted protective orders to

---

[2] Defendant also objects to Exhibit 2 attached to Plaintiff's motion, arguing that it is an email about settlement negotiations and does not have any bearing on this discovery dispute.  Def.'s Resp. Pl.'s Mot. Compel 2 n.1.  Plaintiff asserts that her point in attaching Exhibit 2 was to show that she has been working with Defendant's counsel to resolve this dispute.  Pl.'s Reply Mot. Compel 3.  Regardless of Plaintiff's purpose in providing this exhibit, the Court has not considered it in its determination of Plaintiff's motion to compel.

excuse a party from responding to discovery requests when the discovery requests were untimely served.  *See, e.g., McMillan v. J.P. Morgan Chase Bank, N.A.*, No. 15-500-SDD-RLB, 2017 WL 470901, at *2 (M.D. La. Feb. 3, 2017); *Hall v. Louisiana*, No. CIV.A. 12-657-BAJ, 2014 WL 2560715, at *1 (M.D. La. June 6, 2014); *Fuller v. CIG Fin., LLC*, No. 3:22-CV-1289-D, 2023 WL 6931342, at *3 (N.D. Tex. Oct. 19, 2023).  However, given Plaintiff's *pro se* status, the Court will address the merits of Plaintiff's motion.

Plaintiff mentions ROGs 1 and 10 in her motion and also requests a response to RFP 2, so the Court presumes that those are the discovery requests in dispute.  *See* Pl.'s Mot. Compel 1–2, 4.

With respect to ROG 1, the Court finds that Defendant has provided a sufficient answer.  Defendant does object to the ROG but also goes on to provide an explanation of why it saw Plaintiff's request for an accommodation as an undue hardship.  *See* Pl.'s Mot. Compel Ex. 1, at 1, ECF No. 43-2.  Therefore, the Court will not compel a further answer.

With respect to ROG 10, Defendant asserts that Plaintiff failed to confer with Defendant, as required by the Local Rules, before filing her motion to compel.  Def.'s Resp. Pl.'s Mot. Compel 2.  Plaintiff, however, avers that they did confer.  Pl.'s Reply Mot. Compel 2.  Moreover, aside from the assertion that Plaintiff's request is untimely, Defendant provides nothing but a "boilerplate" objection to this ROG.  Plaintiff requests the date that Defendant discontinued its facemask policy.  Pl.'s Mot. Compel Ex. 1, at 2.  Defendant responds to this objection as "not limited in time," even though Plaintiff is only seeking one date.  *Id.*  Defendant also objects that this interrogatory is "overly broad, not relevant and not likely to lead to the discovery of admissible evidence," with no explanation as to why this request is overly broad and not relevant.  *Id.*  Further, given that Defendant's COVID-19 policy is at issue in this case, this interrogatory does seek

relevant information.  "So-called boilerplate or unsupported objections—even when asserted in response to a specific discovery request . . .—are . . . improper and ineffective . . . ."  *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that objections stating only that interrogatories were "overly broad, burdensome, oppressive and irrelevant" were not sufficient to be considered successful objections).  Therefore, Defendant will be compelled to respond to this request.

With respect to RFP 2, the Court will not order Defendant to respond to this request.  Plaintiff simply requests "substantial evidence to justify that 'any accommodation to Plaintiff would have created an undue hardship' on [Defendant]."  Pl.'s Mot. Compel Ex. 1, at 3.  The Federal Rules require that a request for production "describe with reasonable particularity each item or category of items to be inspected."  Fed. R. Civ. P. 34(b)(1)(A).  This request does not describe any specific information or category of information that Plaintiff is looking for.

### C.  Defendant's Motion

#### 1.  *Defendant's First RFPs*

As noted above, Defendant served its first ROGs and RFPs on Plaintiff on January 5, 2024.  A party who receives requests for production must respond within 30 days.  Fed. R. Civ. P. 34(b)(2)(A).  Plaintiff did not respond until February 5, 2024, at which point she filed objections to RFPs 24, 26, 34, 35, 36, and 54 only.  *See* Pl.'s Objs. Def.'s Interrogs. & Reqs. Produc. 5–6.  After Plaintiff's counsel withdrew, Defendant agreed to extend the due date for Plaintiff's answers and responses to March 11, 2024.  Def.'s Mot. ¶ 10.

Untimely objections to production requests are generally waived.  *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).  Despite the extension it granted to Plaintiff, Defendant argues

that the objections in Plaintiff's Responses and Objections to Defendant's First Requests for Production served on March 11 are untimely and should be waived because "Defendant had not granted plaintiff any extension with respect to objections." Def.'s Mot. ¶ 11. Plaintiff, on the other hand, argues that her objections are timely but provides no explanation. Pl.'s Resp. Def.'s Mot. ¶ 11.

Regardless of whether Plaintiff's objections were timely, the Court finds that there are other reasons to strike the objections. "[A] party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection." *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015). Plaintiff has not done so in her response to Defendant's motion. Plaintiff has also failed to state whether any responsive documents are being withheld on the basis of her objections, as required by Federal Rule of Civil Procedure 34(b)(2)(C). Thus, Plaintiff has waived her objections.

However, the Court still has the obligation to limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; the requesting party has already had "ample opportunity" to obtain the information through discovery; or "the proposed discovery is outside the scope of" Federal Rule of Civil Procedure 26(b)(1), meaning that the proposed discovery is not relevant or not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(2)(C).

After reviewing the RFPs and Plaintiff's objections and responses, the Court determines that Plaintiff should not be required to respond to RFP 23. This RFP asks for a copy of the Plaintiff's "federal income tax returns (including all attachments) for the years 2020 to the year

immediately preceding the trial of this Lawsuit." *Id.* at 10. "Income tax returns are highly sensitive documents, and courts are reluctant to order their routine disclosure as part of discovery." *RYH Props., LLC v. West*, No. 5:08CV172, 2010 WL 11531154, at *2 (E.D. Tex. Dec. 15, 2010). "Tax returns should be produced only after a showing of relevance by the party seeking production, after which 'the burden shifts to the party opposing production to show other sources exist from which the information contained in the returns may be readily obtained.'" *Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 4:20CV68-RWS-CMC, 2020 WL 10046089, at *17 (E.D. Tex. July 8, 2020) (quoting *Gondola v. USMD PPM, L.L.C.*, 223 F. Supp. 3d 575, 587–88 (N.D. Tex. 2016)); *see also F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) ("The party seeking production of the [tax returns] must show their relevance to the inquiry. Then, the burden shifts to the party opposing production to show that other sources exist from which the information contained in the income tax returns may be readily obtained."). In its motion, Defendant makes no showing of why Plaintiff's tax returns are relevant. *See* Def.'s Mot. ¶ 16. Without a showing of relevance from Defendant, the Court will not compel Plaintiff to provide her tax returns.

Defendant did not ask the Court to strike Plaintiff's objections that were submitted on February 5, 2024, or to compel answers to the RFPs that Plaintiff provided responses to. As a result, the Court will compel Plaintiff to respond to all of the other RFPs contained in Defendant Logistics Ltd.'s First Requests for Production to Plaintiff Adriana Alvarez, other than RFP 23.

### 2. *Defendant's First Set of ROGs*

In its original motion, Defendant stated that Plaintiff had not provided any answers to Defendant's ROGs and stated that she would respond to them by April 12, 2024. Def.'s Mot. ¶ 8. In its reply, Defendant states that Plaintiff submitted additional objections to Defendant's ROGs

on April 11, 2024. Def.'s Reply 1. Defendant argues against Plaintiff's objections and requests that they be stricken. *Id.* at 1–4.

The Court agrees that Plaintiff's objections served on April 11 are untimely. Plaintiff's discovery responses were originally due on February 5, 2024. Def.'s Mot. ¶ 2; *see also* Def.'s First Set Interrogs. Pl. Even with the extension granted to Plaintiff for responses after her counsel withdrew, objections were due at the latest by March 11, 2024. Def.'s Mot. ¶ 4. Thus, these objections are not timely and are therefore waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground [for an objection] not stated in a timely objection is waived . . . ."). Further, the Federal Rules of Civil Procedure require each ROG to be answered under oath. Fed. R. Civ. P. 33(b)(3). Plaintiff answered one ROG and did not provide a verification along with her answer. The Federal Rules also require that the person who answers the ROGs or makes objections must sign them. *Id.* 33(b)(5). Plaintiff did not sign her ROG answers and objections.

The Court notes that Defendant no longer intends to pursue Interrogatories 6 through 8. Therefore, the Court will not order Plaintiff to answer these interrogatories. Further, Defendant did not request that Plaintiff's objections to ROGs 1, 4, 7, 8, 12, 15, and 17 from February 5 be stricken. However, Plaintiff must answer all of the remaining interrogatories under oath and must sign her answers, as required by the Federal Rules.

### 3. *Scheduling Order Extension*

Defendant also asks for an extension to the deadline to file discovery-related motions with respect to any motions regarding this matter. Def.'s Mot. ¶ 20. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d

533, 536 (5th Cir. 2003) (internal quotes and citation omitted).  Whether good cause exists must

be evaluated on a case-by-case basis and is within the discretion of the trial court.  *Eagle Railcar*

*Servs.-Roscoe, Inc. v. NGL Crude Logistics, LLC*, No. 1:16-CV-0153-BL, 2017 WL 11634816, at

*3 (N.D. Tex. Oct. 26, 2017).

The Court concludes that Defendant has not provided good cause to extend the scheduling

order in this case.  Defendant simply states:

> in light of the . . . April 19, 2024, deadline to file all discovery related motions, and
> considering that Plaintiff has not yet responded substantively in any manner,
> Defendant requests that this Court allow Defendant to seek relief outside of the
> April 19, 2024, deadline in the event that Plaintiff continues to withhold discovery
> responses which may be in violation of any Court order on this issue.

Def.'s Mot. ¶ 20.  If Defendant feels that it needs to seek relief past the deadline for discovery-

related motions, Defendant can file a motion at that time with the relief it seeks and an explanation

of good cause for why the deadline should be extended.  At this time, the Court will not recommend

that the scheduling deadline be extended.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Brokers Logistics, Ltd.'s Motion to Compel and to

Strike Discovery Objections (ECF No. 31) is **GRANTED in part** and **DENIED in part**, Plaintiff

Adriana Alvarez's Renewed Response in Opposition to Motion to Compel and Strike Out

Defendant's Requests for Production and Interrogatories (ECF No. 40) is **DENIED**, and Plaintiff's

Amended Discovery-Related Motion (ECF No. 43) is **GRANTED in part and DENIED in part**.

The Court **ORDERS** Plaintiff Adriana Alvarez to provide responses to Requests for

Production 1–22, 25, 27–33, 38, 40, and 42–49 of Defendant Logistics Ltd.'s First Requests for

Production to Plaintiff Adriana Alvarez within fourteen (14) days of the date of this order.

The Court **FURTHER ORDERS** Plaintiff Adriana Alvarez to provide answers under oath to Interrogatories 2–3, 5, 9–11, 13–14, and 16 of Defendant Logistics Ltd.'s First Set of Interrogatories to Plaintiff Adriana Alvarez within fourteen (14) days of the date of this order.

The Court **FURTHER ORDERS** Defendant Brokers Logistics, Ltd. to provide an answer under oath to Plaintiff Adriana Alvarez's Interrogatory Number 10 within fourteen (14) days of the date of this order.

The Court **RECOMMENDS** that the Amended Scheduling Deadline of April 19, 2024, for all discovery-related motions not be extended at this time.

**SIGNED** this 15th day of May, 2024.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**